# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LAURA HOLMAN,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF ENERGY,<br>　　　　　　Agency. | DOCKET NUMBER<br>DA-0752-15-0098-I-1<br><br><br>DATE: January 6, 2017 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Laura Holman, Catoosa, Oklahoma, pro se.

Kathy L. Black, Portland, Oregon, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The agency removed the appellant, a GS-12 Accountant with the agency's Southwestern Power Administration (SPA) in Tulsa, Oklahoma, on charges of failure to follow established leave procedures and unauthorized absence. Initial Appeal File (IAF), Tab 4 at 224-25, 238-40. The record shows that after exhausting her annual allotment of leave under the Family and Medical Leave Act of 1993 (FMLA) in order to care for her son, who has a disability, the appellant failed to report to work and the agency carried her in a leave without pay (LWOP) status from June 30 to August 3, 2014. *Id*. at 246, 251. In a July 21, 2014 letter, the agency warned the appellant that it would consider her absent without leave (AWOL) and initiate appropriate administrative action if she failed to report to work as scheduled on August 4, 2014. *Id.* at 251. The appellant failed to report for duty as ordered, and in a September 17, 2014 letter, the agency notified her that it had placed her in an AWOL status beginning on August 25, 2014,[2] and advised her that it would initiate action to propose her removal if she did not

---

[2] The appellant served a 14-day suspension from August 11-24, 2014, for prior misconduct similar in nature, but unrelated to the absences charged in this matter. IAF, Tab 4 at 246-47.

report for work within 5 calendar days of her receipt of that letter. *Id*. at 246. The appellant again did not report for work as instructed, and the agency issued a notice of proposed removal on October 7, 2014. *Id.* at 238-40. After considering the appellant's oral response and the *Douglas* penalty factors, the agency issued a November 17, 2014 decision removing her effective November 21, 2014. *Id*. at 224-25, 229-33, 235-36.

¶3    The appellant subsequently filed this Board appeal of her removal. IAF, Tab 1. The administrative judge merged the charges because they were based on the same period of absence and the same set of facts. IAF, Tab 24 at 2; Tab 47, Initial Decision (ID) at 3. In response to the administrative judge's order to identify her affirmative defenses, the appellant asserted that the agency discriminated against her on the bases of disability (both her own and her son's) and pregnancy, contended that she was subjected to sexual harassment on the basis of a hostile environment, and claimed that the agency retaliated against her for equal employment opportunity (EEO) activity and for whistleblowing. IAF, Tabs 24, 32. After holding a hearing, the administrative judge sustained the merged charges. ID at 3-5.

¶4    The administrative judge found that the appellant failed to establish that the agency discriminated against her based on her own disability. ID at 6-10; IAF, Tab 31 at 6. The administrative judge also found that the appellant failed to establish that the agency discriminated against her by association on the basis of her son's disability and rejected her claim of pregnancy discrimination, because she was not pregnant at the time of her removal, nor had she been pregnant for over 2 years preceding her removal. ID at 13-14. Based on the credibility of the witnesses testifying before her and the appellant's failure to produce any evidence to corroborate her allegations of a hostile work environment, the administrative judge found that the appellant failed to establish her claim of sex discrimination, and further noted that even if the appellant's allegations were true, because they

occurred in 2007 and 2009, they were too remote in time to have had any effect on her removal. ID at 14-16.

¶5 On the appellant's reprisal claims, the administrative judge found, again based on the testimony before her and the appellant's failure to identify any evidence in support of her allegations, that the appellant did not meet her burden to prove that the agency removed her in retaliation for her three EEO complaints. ID at 16-17. The administrative judge found that the appellant made a protected disclosure in 2006 or 2007 by stating that the agency violated rules pertaining to appropriated funding. The administrative judge, though, found that the appellant failed to show that her protected disclosure was a contributing factor in her removal. ID at 17-19. Moreover, the administrative judge determined that, even if the appellant had been able to establish that her disclosures were a contributing factor in her removal, the strength of the agency's evidence showed by clear and convincing evidence that it would have removed the appellant in the absence of her protected activity. ID at 20. The administrative judge found nexus and determined that the deciding official considered the relevant mitigating factors, finding that the penalty of removal was not unreasonable under the circumstances. ID at 20-22.

¶6 The appellant filed a petition for review contending that the administrative judge failed to consider all of the evidence in support of her discrimination and reprisal claims, and challenging the way the administrative judge conducted the hearing. Petition for Review (PFR) File, Tab 1. The agency responded in opposition to the appellant's petition for review, and the appellant filed a reply to the agency's response. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 In her petition for review, the appellant indicates her strong disagreement with the initial decision, claiming that "the evidentiary support that I provided was more than sufficient to prove that management violated several prohibited

personnel practices as well as created a hostile work environment." PFR File, Tab 1 at 5. In that regard, she cites her EEO filings generally, and implies that the administrative judge failed to consider all of her evidence, but she fails to cite any particular piece of evidence that would prove her assertion, instead arguing that once agency management decided to remove her, there was nothing she could do to satisfy them.[3] *Id.* at 4-5. Nevertheless, the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶8        The appellant also challenges the administrative judge's instruction during the hearing that "she would rather hear my testimony from me, and the agency's testimony from them" as inhibiting her from objecting to the testimony of the agency's witnesses. PFR File, Tab 1 at 5. She further argues that the administrative judge's remark kept her from questioning the agency's witnesses, presumably on cross-examination, but she also claims that "I thought I would satisfy the record through my testimony." *Id.* It appears that, rather than object to the instruction at the hearing, the appellant raises this issue for the first time on review. *Cf. Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (finding that the appellant's failure to timely object to rulings on witnesses precludes the appellant from doing so on petition for review). Moreover, even if the administrative judge erred in this regard, the appellant fails to identify how this would have changed the result. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (explaining that an administrative judge's procedural error is of

---

[3] To extent that the appellant argues here that the agency violated her right to due process or committed harmful error, we disagree. The record reflects that the agency issued return to duty letters and, as recounted by the administrative judge, the appellant conceded in her testimony that she was absent on the alleged dates and therefore failed to comply with management's orders to return to duty. IAF, Tab 4 at 238, 246, 251; ID at 4.

no legal consequence unless it is shown to have adversely affected a party's substantive rights).

The agency proved the merged charge.

¶9    We agree with the administrative judge that the agency proved the charge. As the administrative judge recounted, the appellant acknowledged in her testimony that her FMLA leave had run out on August 3, 2014, and that she did not intend to return to work when she went to the office the next day. ID at 5. At that time she had orally requested a 2-year leave of absence to care for her son, and, importantly, she did not argue that she followed the proper procedure for requesting leave; she instead admitted that she could not recall if she identified the dates on her request and conceded that the agency's Director of Human Resources had told her that her leave request was incomplete. ID at 5. Thus, the record reflects that, despite the agency's subsequent order for the appellant to return to work, she did not do so, and she agreed that she was absent for the days set forth in the notice of proposed removal. ID at 4. Thus, because the appellant acknowledged that she was both absent and that she had not properly requested leave, we find that the agency established the merged charge. ID at 3-5.

The appellant failed to establish her affirmative defenses.

¶10    Regarding her affirmative defenses, the appellant repeats the evidentiary requirements set forth in the initial decision from *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 42 (2015), and asserts that the evidence she provided was more than sufficient to carry her burden. PFR File, Tab 1 at 4-5; ID at 6, 12, 14. The Board recently clarified that the types of evidence set forth in *Savage* are not subject to differing evidentiary standards and explained that "all evidence belongs in a single pile and must be evaluated as a whole." *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 29 (2016) (quoting *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 764 (7th Cir. 2016)). Nevertheless,

regardless of the characterization of the appellant's evidence relating to her discrimination claims, we find that the administrative judge properly considered the evidence as a whole in finding that the appellant failed to identify any incriminating statements on the part of agency officials or otherwise to show that discrimination was a motivating factor in her removal, specifically finding no evidence that the agency lied about its reason for removing her, that its explanation was inconsistent or pretextual, or that the agency treated any other employees more favorably. ID at 17. As the following discussion indicates, we agree with the administrative judge that the appellant failed to show by preponderant evidence that discrimination was a motivating factor in her removal and that the agency showed it would have removed the appellant in the absence of any retaliatory motive. ID at 17; *see Gardner*, 123 M.S.P.R. 647, ¶ 30.

¶11         The administrative judge found that the appellant was a qualified individual with a disability that substantially limited her major life activities between April and November 2013. ID at 7-8. In that regard, the appellant's psychologist estimated that the appellant's condition would last for approximately 6 months following his April 22, 2013 letter to the agency's Director of Human Resources, IAF, Tab 31 at 6, and the appellant's primary care doctor followed up with a November 21, 2013 letter in which he reported that the appellant "does not have any significant impairment or limitations in her ability to perform her work related tasks," *id.*; IAF, Tab 34 at 11. Therefore, according to the appellant's health care providers, her condition resolved a year before her removal. IAF, Tab 31 at 6, Tab 34 at 11. Moreover, even though the administrative judge determined that the appellant was a qualified individual with a disability, he also specifically found that she failed to show that her disabling condition caused her inability or failure to follow established leave requesting procedures or her unauthorized absences in August, September, and October 2014. ID at 9-10. Thus, we agree with the administrative judge that the appellant failed to establish her claim of discrimination based on her own disability.

¶12    We also agree with the administrative judge that the appellant failed to prove discrimination based on her son's disability or by association with him.  ID at 9-13.  Citing Equal Employment Opportunity Commission (EEOC) law, to which the Board generally defers on substantive matters of discrimination, the administrative judge observed that even though the Board recently recognized the viability of a discrimination claim based on association with an individual with a disability, the EEOC has held that agencies are not required to provide reasonable accommodation to an employee so that she may care for an individual with a disability.  *Jonson v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 56, ¶ 18 (2014), *rev'd in part on other grounds*, 122 M.S.P.R. 454 (2015); *see Simms v. England*, EEOC Appeal No. 01992195, 2002 WL 1057094, at \*3-\*4 (E.E.O.C. May 16, 2002) (noting that the obligation to provide reasonable accommodation applies only to qualified applicants or employees with disabilities); *see also* Appendix to 29 C.F.R. part 1630 ("[A]n employer need not provide the applicant or employee without a disability with a reasonable accommodation because that duty only applies to qualified applicants or employees with disabilities.  Thus, for example, an employee would not be entitled to a modified work schedule as an accommodation to enable the employee to care for a spouse with a disability.").

¶13    The appellant does not directly challenge the administrative judge's findings that she failed to show that the agency discriminated against her on account of her pregnancy and on the basis of her sex.  Nevertheless, with regard to her pregnancy, we agree with the administrative judge "that the appellant's bare allegations or speculative conclusions of discriminatory animus have little factual support in the record."  ID at 14.  The appellant's pregnancy occurred over 2 years before her removal, and we agree with the administrative judge that the appellant failed to show that her pregnancy was a motivating factor in her removal.  ID at 14.  As for the appellant's claims of sex discrimination, the administrative judge found no evidentiary support for the appellant's allegations

that her second-level supervisor made the comments that she alleged he made and instead found that the supervisor credibly testified that the joke he told, and apologized to the appellant for, had no sexual connotations. ID at 14-15. The appellant identifies nothing on review that would cause us to revisit the administrative judge's conclusions on this issue. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

¶14    Regarding her claim of reprisal for protected EEO activity, the appellant notes the administrative judge's finding that the deciding official was aware of her prior EEO activity, and she asserts that despite the large amount of turnover in her office, each of the management officials involved was aware of her EEO filings. PFR File, Tab 1 at 5. The administrative judge acknowledged the appellant's argument that her removal came shortly after the agency finished investigating her EEO complaint, but nevertheless found that the lack of any direct evidence in support of the appellant's claim of reprisal, as well as the deciding official's credible testimony that the appellant's complaint had no impact on his decision, indicated otherwise. ID at 16-17. As noted above, the appellant cites to her EEO filings, again in only a general manner, and she asserts that the evidence therein documents her allegations of a hostile work environment. PFR File, Tab 1 at 4, Tab 4 at 4; IAF, Tabs 35-41. We disagree. In her EEO filings, the appellant made allegations similar to those she made in this appeal, but we agree with the administrative judge that the appellant failed to establish her discrimination claims and find that the agency clearly established that it removed the appellant on the basis of her misconduct and the impact her unauthorized absence had on the agency and its mission. ID at 12-13 & n.5.

¶15        We also agree with the administrative judge that the appellant failed to establish that the agency removed her in reprisal for protected whistleblowing activity because she failed to establish that her protected whistleblowing activity was a contributing factor in her removal.  ID at 17-20.  The appellant failed to show that the deciding official knew of her disclosures, which occurred 7 years before her removal and 5 years before the deciding official became the administrator of the SPA.  ID at 19.  However, the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor standard.  As the administrative judge recognized, even if the appellant fails to satisfy that test, the Board shall consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether those individuals had a desire or motive to retaliate against the appellant. *Id*.;  *see Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶¶ 23-24 (2011).  Here, the administrative judge properly considered other factors, such as evidence pertaining to the strength of the agency's reason for proposing the appellant's removal, in determining that she failed to establish contributing factor.  ID at 19.

¶16        The administrative judge also found, given "the overwhelming evidence" demonstrating that the appellant was absent without authorization, that the agency established by clear and convincing evidence that it would have removed the appellant in the absence of her protected whistleblowing activity.  ID at 20.  We have considered the U.S. Court of Appeals for the Federal Circuit's decision in *Whitmore v. Department of Labor*, 680 F.3d 1353, 1366-77 (Fed. Cir. 2012), regarding how the Board should analyze the evidence presented under the clear and convincing standard in a case wherein the appellant established by preponderant evidence that he made protected disclosures and that those disclosures were a contributing factor in his termination.  Because we find in the instant case that the administrative judge properly found, on the basis of a

fully-developed record, that the appellant failed to prove by preponderant evidence that the appellant's anonymous disclosures were a contributing factor in the personnel actions at issue, it is unnecessary to address whether the agency established by clear and convincing evidence that it would have terminated the appellant in the absence of the protected disclosure. *See Stiles*, 116 M.S.P.R. 263, ¶ 24 n.4 (finding that it was unnecessary to address whether the agency established by clear and convincing evidence that it would have taken a personnel action in the absence of a protected disclosure when the appellant failed to show that the disclosure was a contributing factor to the personnel action).

¶17      Finally, the appellant includes with her petition for review the close-out letters that the Office of Special Counsel (OSC) issued regarding the 2006 disclosure that the administrative judge found was protected, ID at 18, but she does not explain their pertinence to her appeal. PFR File, Tab 1 at 7-9. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. Although the appellant makes no such showing, even if she did so, because, as noted by the administrative judge, the personnel action at issue occurred 7 years after the appellant's protected disclosure, ID at 19, OSC's letter offers no reason to revisit the administrative judge's findings and conclusions regarding the issue of whether the appellant's protected disclosure was a contributing factor to her removal.

¶18      Accordingly, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues

of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you

do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.